UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

EUGENE SCALIA, Secretary of Labor,  :
United States Department of Labor,

                                  :  Civil Action File

             Plaintiff,        No. 20-6543

                                    :

            v.

                                    :  ~~[PROPOSED]~~ **CONSENT ORDER AND JUDGMENT**

RANDO MACHINE CORP., MICHAEL
FLAHERTY, and the RANDO MACHINE    :
CORP. 401(K) PLAN,

                                    :

                  Defendants.      :

-----------------------------------------------------------------

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants Michael Flaherty and Rando Machine Corp. (collectively, "Defendants") agree to the entry of this Consent Order and Judgment as a complete resolution of all issues in contention between them in this matter. The Secretary has filed his complaint and Defendants waive their answer and agree to the entry of the Consent Judgment without contest. The Plan was named as a Defendant for the purpose of ensuring complete relief among the parties under Rule 19 of the Federal Rules of Civil Procedure.

This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended, and was brought by the Secretary pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to obtain relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to enjoin acts and practices which violate the provisions of Title I of ERISA.

1

Pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), the Secretary has authority to enforce the provision of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

The Plan is and was at all relevant times an employee pension benefit plan within the meaning of ERISA § 3(2) and (3), 29 U.S.C. § 1002(2) and (3).

Michael Flaherty was at all relevant times to this action a fiduciary of the Plan because he exercised authority or control respecting the management or disposition of the assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

Rando Machine Corp. was at all relevant times to this action a fiduciary of the Plan because it was the sponsor and designated administrator of the Plan and because it was the employer of participants in the Plan.

Defendants admit all of the allegations in the Secretary's complaint and that they violated ERISA §§ 403(c)(1), 404(a)(1)(A) and (B), 406(a)(1)(D), and 406(b)(1) and (2). Michael Flaherty admits making a series of prohibited transfers of Plan assets to his company, Rando Machine Corp. The Secretary and Defendants have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of a Consent Order and Judgment by this Court.

Upon consideration of the record herein, and as agreed to by the Secretary and Defendants, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1.      Defendants are permanently enjoined and restrained from engaging in any further action in violation of Title I of ERISA.

2.      Defendants are held jointly and severally liable to the Plan in the total amount of $10,210.33. This figure is comprised of:

2

a.  $7,676.34 representing the amount due to individual Plan participants and beneficiaries; and

b.  $2,533.99 representing lost opportunity costs on the amount due to individual Plan participants and beneficiaries.

3.      Defendants agree to repay $10,210.33 to the Plan by January 15, 2021. Defendant Michael Flaherty agrees to apply his participant interest in existing assets of the Plan as an offset against the amount that the Secretary has alleged is due to the Plan, as authorized by ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4), and by § 13.16 of the Basic Plan Document governing the Plan.

4.      Upon payment of the restitution described in Paragraphs 2 and 3, Defendants are hereby assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), in the amount of $2,042.07, equal to 20% (twenty percent) of the restitution amount. However, Defendants have petitioned for a waiver of said penalty under 29 C.F.R. § 2570.85(a)(2), which the Secretary has granted.

5.      Defendants agree that upon payment of the restitution described in Paragraphs 2 and 3, they will distribute or cause the distribution of the assets of the Plan in accordance with applicable Plan documents, ERISA, and other applicable federal law. Defendants shall complete such distribution by June 1, 2021.

6.      Upon completing such distribution, Defendants shall terminate the Plan in accordance with applicable Plan documents, ERISA, and other applicable federal law. Defendants shall terminate the Plan by June 1, 2021.

7.      Defendants shall provide proof of payments and updates regarding the distribution of the Plan's assets and the termination of the Plan to the Secretary every month, beginning on February 1, 2021 and shall continue to send status updates until the Plan is terminated. Defendants shall send the monthly status updates to the following address:

3

U.S. Department of Labor
Employee Benefits Security Administration
Boston Regional Office, Attn: Regional Director
JFK Federal Building
15 New Sudbury Street, Room 575
Boston, MA 02203

8.    Upon termination of the Plan, Defendants shall be permanently enjoined from serving or acting as fiduciaries or service providers to any employee benefit plan subject to Title I of ERISA.

9.    Each party agrees to bear his, her or its own attorneys' fees, costs and other expense incurred by such party in connection with any stage of this proceeding to date, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

10.    The parties agree that this document may be executed via counterpart signatures and that a signature via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

11.    The Court directs the entry of this Consent Order and Judgment as a final order.

12.    The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

13.     Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

_____  12/22/20
MICHAEL FLAHERTY            Date

_____  12/22/20
RANDO MACHINE CORP.         Date
By Michael Flaherty

_____  12/22/20
RANDO MACHINE CORP.         Date
401(K) PLAN
By Michael Flaherty

_____  Dec 22, 2020
LUCIEN A. MORIN, II, Esq.   Date
Attorney for Michael Flaherty

Dated: 12/23/2020

KATE S. O'SCANNLAIN
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

/s/ Amanda M. Wilmsen         12/22/20
AMANDA M. WILMSEN             Date
Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff
Eugene Scalia, Secretary of Labor

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

5